IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
UNITED STATES OF AMERICA

| | |
|---|---|
| ROY MCFADDEN, | ) |
| | ) |
| Plaintiff, | )   Case No.:   3:20-cv-557 |
| | ) |
| v. | ) |
| | ) |
| JSK TRANSPORT, LTD, | ) |
| **Serve:** | ) |
| **14 Lucky Lane** | ) |
| **Brampton, ON Canada L6R 3M3** | )   **Demand for Jury Trial** |
| | ) |
| DALJINDER SINGH SANGHA | ) |
| **Serve:** | ) |
| **32 Lockport CRES** | ) |
| **Brampton, ON Canada L6V 3X6** | ) |
| | ) |
| BODKIN LEASING CORPORATION | ) |
| **Serve:** | ) |
| **102-1465 North Service Road E** | ) |
| **Oakville, ON Canada L6H 1A7** | ) |
| | ) |
| NAVPREET SINGH MUTTI | ) |
| **Serve:** | ) |
| **10 Lisa Street, Apt. 108** | ) |
| **Brampton, ON Canada L6T 4N4** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Roy McFadden, through counsel, and for his cause of action against Defendants JSK Transport, Ltd., Bodkin Leasing Corporation, Daljinder Sangha and Navpreet Singh Mutti, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Roy McFadden is a citizen of Missouri.

2. Defendant JSK Transport, Ltd. ("JSK") is a Canadian Corporation that regularly conducts the business of trucking in the State of Illinois, with its principal place of business at 14 Lucky Lane, Brampton, ON L6R 3M3, Canada.

3. Defendant Bodkin Leasing Corporation ("Bodkin") is a Canadian Corporation that regularly conducts the business of transportation related products and services in the State of Illinois, with its principal place of business at 102-1465 North Service Road E, Oakville, ON Canada L6H 1A7.

4. Defendant Daljinder Singh Sangha ("Sangha") is a citizen of Ontario, Canada, and at all times relevant was an agent, servant and/or employee of JSK and Bodkin and was acting within the scope of his employment.

5. Defendant Navpreet Singh Mutti ("Mutti") is a citizen of Ontario, Canada, and at all times relevant was an agent, servant and/or employee of JSK and Bodkin and was acting within the scope of his employment.

6. Interstate 70 at or around mile post 127 is an open and public thoroughfare located in the City of Union, Cumberland County, State of Illinois.

7. Plaintiff, a citizen of Missouri, and Defendants, citizens of a foreign state, are diverse parties; and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2).

8. At all times relevant, Defendant JSK was operating as an interstate/intercontinental commercial motor carrier, and Defendant Bodkin assisting JSK with said operations, including providing transportation equipment, maintenance and regulatory compliance, including the tractor trailer involved in the subject accident.

9. As part of their business operations, JSK and Bodkin have purposefully availed themselves to the State of Illinois by consistently and systematically transporting its vehicles and freight throughout Illinois, thereby, establishing sufficient minimum contacts with Illinois. Individually, severally and/or jointly, each Defendant committed one or more torts in Illinois.

10. This Court has personal jurisdiction over Defendants pursuant to Illinois's long-arm statue 735 ILCS 5/2-209, which allows actions in which outstate service is required when any person or firm transacts any business in Illinois or commits a tortious act within the State of Illinois.

11. At all times relevant, including on August 16, 2018, Defendants Sangha and Mutti transported and/or operated a tractor-trailer vehicle in the course and scope of their employment and/or agency for Defendants JSK and Bodkin, throughout Illinois, including the Southern District of Illinois.

12. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Illinois.

13. At all times relevant herein and at the time of this crash, Defendants JSK and Bodkin were acting individually and through its drivers, agents, servants, and/or employees, each of whom were acting within their course and scope of their employment with Defendant JSK and Bodkin.

14. At all times relevant set forth herein, Defendants were subject to and required to abide by the rules and regulations set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law,

set forth in 625 ILCS 5/18b, while operating as an interstate commercial motor carrier in the State of Illinois, as well as, 625 ILCS 5/11 of the Illinois Traffic Code.

15. At all times relevant, Defendant JSK Transport, Ltd., was a commercial motor carrier registered by the U.S. Department of Transportation, D.O.T.#2082785, and authorized to conduct business in the United States and the State of Illinois.

16. At all relevant times, Defendants Sangha and Mutti were employees, agents, and/or servants of Defendants JSK and Bodkin and were working for the benefit of and within the course and scope of said employment.

17. At all relevant times, Defendants JSK and Bodkin either controlled or had the right to control the physical conduct of Defendants Sangha and Mutti, as well as the tractor trailer they operated.

18. On August 16, 2018, Plaintiff Roy McFadden had stopped his vehicle on the right shoulder of eastbound I-70 to assist another motorist with an emergency breakdown. At the time of the crash, McFadden was in the driver's seat of his vehicle waiting for the tow service, with his vehicle completely stopped with the hazard lights engaged and his vehicle was completely off of the traveled portion of the interstate and entirely on the shoulder.

19. At the above-mentioned time and place, Defendants Sangha/Mutti were driving a Peterbilt tractor-trailer eastbound on I-70, approaching Plaintiff's vehicle, when he veered to the right, leaving the roadway and entering the shoulder of the interstate, striking the rear of McFadden's vehicle, pushing it off of the shoulder and into the grass, and sideswiping the entire driver's side of McFadden's vehicle.

20. The above-mentioned crash caused or contributed to cause Mr. McFadden to sustain serious injuries to his neck, back, head and shoulders.

**COUNT I**
**NEGLIGENCE/NEGLIGENCE *PER SE*/WILLFUL & WANTON**
DEFENDANTS JSK TRANSPORT, BODKIN & SANGHA

COMES NOW, Plaintiff Roy McFadden, by and through undersigned counsel and for Count I of his cause of action against Defendants, states as follows:

21. Plaintiff repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

22. The State of Illinois has enacted laws and regulations governing the operation of motor vehicles on the roads and highways of this state, including:

    a. 625 ILCS 5/11-601(a): which provides that "no vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property."

    b. 625 ILCS 5/12-610: which prohibits the operation of a motor vehicle on a roadway while using an electronic communication device.

    b. 625 ILCS 5/11-907.5: Requiring drivers to proceed with caution when approaching a disabled vehicle, yield the right of way by changing lanes into a lane not adjacent to the disabled vehicle and reducing speed.

    c. 625 ILCS 5/11-709.1: requiring that vehicles shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

    d. 625 ILCS 5/11-709.1: prohibiting drivers from driving on the shoulder and requiring that vehicles shall be driven on the roadway.

    e. 625 ILCS 5/18b-105(b): setting forth the required qualifications of commercial drivers, permitted hours of service, the operation of commercial motor vehicles and safety and fitness procedures for motor carriers and drivers of commercial motor vehicles.

    f.   Defendants violations of the aforementioned laws, statutes and regulations proximately caused Plaintiff's injuries and is prima facie evidence of Defendants negligence.

23. At all relevant times, Defendants owed a legal duty to Plaintiff and to all other members of the public on the roadway to exercise the degree of care a very careful person would use under the same or similar circumstances in the operation of his motor vehicle.

24. Defendants, at all relevant times set forth herein, were subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, 625 ILCS 5/18b-100 while operating a commercial motor vehicle.

25. At the above-mentioned time and place, Defendant Sangha drove in violation of Illinois law by failing to exercise the highest degree of care or required degree of care.

26. At the above-mentioned time and place, Defendant Sangha failed to keep a careful lookout.

27. At the above-mentioned time and place, Defendant Sangha failed to keep his vehicle in a single lane of travel, improperly used said lanes and otherwise allowed his vehicle to leave the lanes designated for travel.

28. At the above-mentioned time and place, Defendant Sangha drove his vehicle at an excessive speed.

29. At the above-mentioned time and place, Defendant Sangha drove too fast for conditions.

30. At the above-mentioned time and place, Defendant Sangha drove while distracted and inattentive to the road.

31. At the above-mentioned time and place, Defendant Sangha failed to stop, slow, slacken his speed, sound his horn, and/or swerve to avoid colliding with another vehicle when he knew or could have known there was a danger of collision.

32. At the above-mentioned time and place, Defendant Sangha drove while intoxicated and/or while under the influence of a controlled substance to the extent that his driving ability was impaired in violation of 49 C.F.R. §§ 382.201, *et seq*.

33. At the above-mentioned time and place, Defendant Sangha drove in excess of the hours of service allowed or otherwise drove while fatigued in violation of 49 C.F.R. §§ 395, *et seq* and 635 ILCS 5/18b-105(b).

34. At the above-mentioned time and place, Defendant Sangha drove while unqualified to operate a commercial motor vehicle.

35. At the above-mentioned time and place, Defendant Sangha drove a commercial motor vehicle while distracted by and/or while using a hand-held mobile phone in violation of 625 ILCS 5/12-610 and/or 49 C.F.R. § 392.82.

36. Defendants knowingly operated, and/or permitted to be operated, a commercial motor vehicle that was mechanically unsound, non-compliant with applicable federal and state maintenance and safety laws and that was otherwise a danger to the motoring public and unfit for public roads.

37. In any one or more of the above respects set out in the proceeding paragraphs, Defendants Sangha, JSK and Bodkin were thereby negligent and/or negligent per se, because Plaintiff was a member of the class of persons the above-mentioned statues

and/or regulations were intended to protect, the crash was the type of harm that the above mentioned statutes and/or regulations were intended to prevent and the violation of the statutes and/or regulations was the proximate cause of the crash.

38. Defendant Sangha's, JSK's and Bodkin's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his neck, back, head and shoulders; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

39. At the time Defendant Sangha was operating his commercial motor vehicle and caused the wreck, he knew or had information from which he, in the exercise of ordinary care, should have known, that the conduct described above created a high degree of probability of injury and that his willful and wanton acts/omissions showed an utter indifference and conscious disregard to the safety of other motorists.

40. At the time Defendant Sangha was operating his commercial motor vehicle and caused the wreck, Defendant Sangha showed a complete indifference to and/or conscious disregard for the safety of others.

**WHEREFORE**, Plaintiff Roy McFadden respectfully prays for judgment against Defendants Daljinder Sangha, JSK Transport, Ltd., and Bodkin Leasing Corporation in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars **($75,000.00)**, plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter defendants and others from like conduct, and for any other relief the Court deems to be just and proper.

## COUNT II
## NEGLIGENT / WILLFUL & WANTON ENTRUSTMENT
DEFENDANTS JSK & BODKIN

COMES NOW, Plaintiff Roy McFadden, by and through undersigned counsel and for Count II of his cause of action against Defendants JSK and Bodkin, states as follows:

41. Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

42. At all relevant times, Defendant Sangha was an incompetent driver by reason of inexperience, habitual recklessness, repeated at-fault collisions, lack of knowledge and/or skill to operate a commercial motor vehicle safely, repeated safety rule violations, inadequate training, and habitual use of alcohol and/or controlled substances.

43. At all relevant times, Defendants JSK and Bodkin owned, controlled, and/or possessed the tractor operated by Sangha at the time of the collision with Plaintiff's vehicle.

44. At all relevant times, Defendants JSK and Bodkin knew or should have known of Defendant Sangha's incompetence as a driver, including but not limited to his inexperience, habitual recklessness, repeated at-fault collisions, lack of knowledge and/or skill to operate a commercial motor vehicle safely, repeated safety rule violations, inadequate training, and/or his habitual use of alcohol and/or controlled substances.

45. On August 16, 2018, Defendants JSK and Bodkin entrusted its tractor to Defendant Sangha and/or otherwise allowed Sangha to use the tractor and was thereby negligent and/or reckless.

46. Defendant JSK's and Bodkin's negligence, recklessness and willful and wanton conduct concurred with the conduct of Defendant Sangha as a proximate cause of the harm to Plaintiff.

47. Defendant JSK's and Bodkin's negligence directly caused or directly contributed to cause Plaintiff to suffer injuries to his injuries to his neck, back, head and shoulders; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

48. At the time Defendants JSK and Bodkin entrusted the tractor-trailer to Defendant Sangha, Defendants knew or had information from which they, in the exercise of ordinary care, should have known that he was unfit to be entrusted to operated is vehicle due to his inexperience, habitual recklessness and/or incompetence, and that allowing Sangha to use the vehicle created a high degree of probability of injury to other motorists.

49. In allowing Defendant Sangha to drive the tractor-trailer despite its knowledge described above, Defendants JSK and Bodkin showed a complete indifference to or conscious disregard for the safety of others, and such willful and wanton conduct directly caused or directly contributed to cause Plaintiff's severe injuries.

   **WHEREFORE**, Plaintiff Roy McFadden respectfully prays for judgment against Defendant JSK Transport, Ltd., and Bodkin Leasing Corporation in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars **($75,000.00)**, plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter defendants and others from like conduct, and for any other relief the Court deems to be just and proper.

## COUNT III
## INDEPENDENT NEGLIGENCE/WILLFUL & WANTON HIRING/RETENTION
DEFENDANTS JSK & BODKIN

COMES NOW, Plaintiff Roy McFadden, through counsel, for Count III of his cause of action against Defendant JSK and Bodkin Leasing and states to the Court as follows:

50. Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

51. At all relevant times, Defendants JSK and Bodkin were subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, 625 ILCS 5/18b.

52. Defendants JSK and Bodkin were also negligent in committing one or more of the following willful and wanton acts and/or omissions with utter indifference and conscious disregard for the safety of other motorists:

    a. In hiring Defendant Sangha and other drivers, Defendants did not hire competent, satisfactory, qualified, safety-conscious, properly trained drivers to operate its vehicles;

    b. Defendants misjudged and/or overestimated the skills of its employees, including Sangha, in his ability to drive their vehicles;

    c. Defendants failed to train, educate, prepare; or give guidance to their employees such as Defendant Sangha in the use of their vehicles;

    d. Defendants failed to reasonably supervise, oversee, or monitor their employees such as Defendant Sangha in the safe use of their vehicles;

    e. Defendants were negligent in hiring and retaining Defendant Sangha in that Defendants failed to obtain and verify background information required by law before allowing Sangha to operate a vehicle;

    f. Defendants were negligent and/or reckless in retaining Sangha as he has demonstrated a propensity for reckless driving, habitual drug use, and the general inability to reliably operate a vehicle without causing a wreck and hurting random members of the public.

53. Defendants negligence, recklessness and willful and wanton behavior directly caused or directly contributed to cause Plaintiff to suffer injuries to her neck, back, and legs; to require past and future treatment; to lose wages; and to adversely affect her ability to work, labor, and enjoy life.

54. At all relevant times, Defendants knew or had information from which it, in the exercise of ordinary care, should have known that the conduct described above and/or its other intentional violation of industry standards, safety regulations, statutes, and its own safety policies, created a high degree of probability of injury.

55. Defendants JSK and Bodkin thereby showed a complete indifference to and conscious disregard for the safety of others.

    **WHEREFORE**, Plaintiff Roy McFadden respectfully prays for judgment against Defendant JSK Transport, Ltd., and Bodkin Leasing Corporation in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars **($75,000.00)**, plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

## **COUNT IV**
## **NEGLIGENCE/NEGLIGENCE *PER SE*/WILLFUL & WANTON**
### DEFENDANT MUTTI

COMES NOW, Plaintiff Roy McFadden, through counsel, for Count IV of his cause of action against Defendant Navpreet Singh Mutti and states to the Court as follows:

56. Plaintiff repeats, incorporates and re-alleges each and every paragraph and sub-paragraph set forth above as if fully set forth herein.

57. Pleading in the alternative and hypothetically, Defendant Mutti was operating the tractor trailer owned by JSK and Bodkin at the time of the subject accident and was in the course and scope of his employment/agency.

58. The State of Illinois has enacted laws and regulations governing the operation of motor vehicles on the roads and highways of this state, including:

   a. 625 ILCS 5/11-601(a): which provides that "no vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property."

   b. 625 ILCS 5/12-610: which prohibits the operation of a motor vehicle on a roadway while using an electronic communication device.

   b. 625 ILCS 5/11-907.5: Requiring drivers to proceed with caution when approaching a disabled vehicle, yield the right of way by changing lanes into a lane not adjacent to the disabled vehicle and reducing speed.

   c. 625 ILCS 5/11-709.1: requiring that vehicles shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

   d. 625 ILCS 5/11-709.1: prohibiting drivers from driving on the shoulder and requiring that vehicles shall be driven on the roadway.

   e. 625 ILCS 5/18b-105(b): setting forth the required qualifications of commercial drivers, permitted hours of service, the operation of commercial motor vehicles and safety and fitness procedures for motor carriers and drivers of commercial motor vehicles.

13

      f. Defendants violations of the aforementioned laws, statutes and regulations proximately caused Plaintiff's injuries and is prima facie evidence of Defendants negligence.

59. At all relevant times, Defendant owed a legal duty to Plaintiff and to all other members of the public on the roadway to exercise the degree of care a very careful person would use under the same or similar circumstances in the operation of his motor vehicle.

60. Defendant, at all relevant times set forth herein, was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and The Illinois Motor Carrier Safety Law, 625 ILCS 5/18b-100 while operating a commercial motor vehicle.

61. At the above-mentioned time and place, Defendant Mutti drove in violation of Illinois law by failing to exercise the highest degree of care or required degree of care.

62. At the above-mentioned time and place, Defendant Mutti failed to keep a careful lookout.

63. At the above-mentioned time and place, Defendant Mutti failed to keep his vehicle in a single lane of travel, improperly used said lanes and otherwise allowed his vehicle to leave the lanes designated for travel.

64. At the above-mentioned time and place, Defendant Mutti drove his vehicle at an excessive speed.

65. At the above-mentioned time and place, Defendant Mutti drove too fast for conditions.

66. At the above-mentioned time and place, Defendant Mutti drove while distracted and inattentive to the road.

67. At the above-mentioned time and place, Defendant Mutti failed to stop, slow, slacken his speed, sound his horn, and/or swerve to avoid colliding with another vehicle when he knew or could have known there was a danger of collision.

68. At the above-mentioned time and place, Defendant Mutti drove while intoxicated and/or while under the influence of a controlled substance to the extent that his driving ability was impaired in violation of 49 C.F.R. §§ 382.201, *et seq*.

69. At the above-mentioned time and place, Defendant Mutti drove in excess of the hours of service allowed or otherwise drove while fatigued in violation of 49 C.F.R. §§ 395, *et seq* and 635 ILCS 5/18b-105(b).

70. At the above-mentioned time and place, Defendant Mutti drove while unqualified to operate a commercial motor vehicle.

71. At the above-mentioned time and place, Defendant Mutti drove a commercial motor vehicle while distracted by and/or while using a hand-held mobile phone in violation of 625 ILCS 5/12-610 and/or 49 C.F.R. § 392.82.

72. Defendant knowingly operated, and/or permitted to be operated, a commercial motor vehicle that was mechanically unsound, non-compliant with applicable federal and state maintenance and safety laws and that was otherwise a danger to the motoring public and unfit for public roads.

73. In any one or more of the above respects set out in the proceeding paragraphs, Defendant Mutti was thereby negligent and/or negligent per se, because Plaintiff was a member of the class of persons the above-mentioned statues and/or regulations were intended to protect, the crash was the type of harm that the above mentioned

statutes and/or regulations were intended to prevent and the violation of the statutes and/or regulations was the proximate cause of the crash.

74. Notwithstanding the alternative pleading, Defendant Mutti was otherwise negligent in that he shared responsibility for regulatory compliance and the safe operation of the tractor trailer. Moreover, Mutti knew or should have known of the alleged violations and negligence of Sangha as alleged herein and incorporated herein by reference, yet permitted and assisted in the continued operation of the commercial motor vehicle.

75. Defendant's negligence and/or recklessness directly caused or directly contributed to cause Plaintiff to suffer injuries to his neck, back, head and shoulders; to require past and future treatment; to lose wages; and adversely affected his enjoyment of life.

76. At the time his commercial motor vehicle caused the wreck, he knew or had information from which he, in the exercise of ordinary care, should have known, that the conduct described above created a high degree of probability of injury and that his willful and wanton acts/omissions showed an utter indifference and conscious disregard to the safety of other motorists.

77. At the time his commercial motor vehicle caused the wreck, Defendant showed a complete indifference to and/or conscious disregard for the safety of others.

**WHEREFORE**, Plaintiff Roy McFadden respectfully prays for judgment against Defendant Navpreet Singh Mutti in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars **($75,000.00)**, plus costs, interest, attorney's fees, and an additional amount as punitive damages to punish and deter defendant and others from like conduct, and for any other relief the Court deems to be just and proper.

**GOLDBLATT + SINGER**

  **/s/ Jason D. Guerra**
**JASON D. GUERRA #6281822**
**jguerra@stlinjurylaw.com**
**AMANDA N. MURPHY #6295289 (***Application for Admission Pending***)**
**amurphy@stlinjurylaw.com**
**8182 Maryland Ave., Ste. 801**
**Clayton, MO 63105**
**(314) 231-4100 – Telephone**
**(314) 241-5078 – Facsimile**

*ATTORNEYS FOR PLAINTIFF*